IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 16-08792 |
| L&R DEVELOPMENT & INVESTMENT CORP | CHAPTER 11 |
| Debtor(s) | FILED & ENTERED ON 02/07/2019 |

## OPINION & ORDER

This case came before the court on February 6, 2019, at a hearing to consider creditors' Hector Noel Roman Ramos, Myrna Enid Perez Vega, the conjugal partnership formed between them and NNR enterprises' (hereinafter "Movants") *Motion to Dismiss* [Dkt. No. 215]; Debtor L&R Development & Investment Corporation's (hereinafter "Debtor") *Objection to Motion to Dismiss* [Dkt. No. 220]; and Movant's *Reply to Debtor's Objection to Motion to Dismiss* [Dkt. No. 229]. Movant's allegation are numerous (1) that there is a continuing loss or diminution of the estate and an absence of the likelihood of rehabilitation; (2) that Debtor has failed to timely pay taxes after the date of the order for relief; (3) that Debtor has failed to file monthly operating reports (hereinafter "MOR") in a timely manner; (4) that Debtor has failed to confirm a plan within a reasonable time; and (5) that Debtor has failed to pay any fees or charges required under chapter 23 or title 28. These causes stem from 11 U.S.C. (b)(4)(A), (F) (I), (J) and (K).

The Debtor alleges that all the MOR's have been filed, albeit several of them just a few days late. As to the lateness in filing the November 2018 MOR, Debtor's state that it was an unfortunate oversight but that given the static nature of the Debtor's finances dating back to 2017, it resulted in harmless error. As to the other allegations, the Debtor's position is that all the other causes argued by the Movants are self-serving and in bad faith since they have been caused

-1-

or are a consequence of Movants' own actions. However, after considering the pleadings before the court, the parties' proffers and the testimony of one of Debtor's principals, the court finds that cause for dismissal has been established, and, thus, grants Movant's Motion to Dismiss [Dkt. No. 215]. Of the causes set forth above, the court finds that Movant has met their burden by a preponderance of the evidence standard only as to the untimely filing of the MORs to prove its position that there is cause for either conversion or dismissal of the instant case.[1]

**Facts**

1. The Debtor filed the instant chapter 11 petition on November 1, 2016.

2. The Disclosure Statement dated March 15, 2017 was approved by the court on September 5, 2017.

3. The MOR for the month December 2016 was filed on January 26, 2017; The MOR for the month February 2017 was filed on March 27, 2017; The MOR for the month April 2017 was filed on May 24, 2017; The MOR for the month May 2017 was filed on June 27, 2017; The filing of the MOR's for the months of August, September and October 2017 were affected by Hurricanes Irma and Maria which struck Puerto Rico in September 2017[2]; The MOR for the month of December 2017 was filed on February 12, 2018; The MOR for the month of April 2018 was filed on May 22, 2018; The MOR for the month of May 2018 was filed on June 22, 2018; The MOR for the month of November 2018 was filed on January 23, 2019; The MOR for the month of December 2018 was filed on January 22, 2019.

**Applicable Law**

The court's discretion to dismiss or convert a chapter 11 case is limited if cause is established. See Gilroy v. Ameriquest Mortg. Co., 2008 WL 4531982 (B.A.P. 1st Cir.2008); AmeriCERT, Inc. v. Straight Through Processing, Inc., 360 B.R. 398, 401 (Bankr.D.N.H.2007)

---

[1] At the February 6, 2019 hearing, Movants declared that the Debtor had failed to renew its commercial general liability policy. Debtor did not object to Movant's strenuous arguments on this point. Indeed, Debtor agreed that the insurance coverage had expired on January 13, 2019. Counsel for Debtor stated in open court that a new insurance policy had been purchased and was effective as of February 4, 2019. Counsel for Debtor further stated that the coverage was not retroactive to the January 13, 2019 date, but rather prospective from its purchase on February 4, 2019. Although discussed at length at said hearing, neither of the parties included this in their pleadings. This undisputed lapse of the Debtor's commercial liability policy which covers large plots of undeveloped land and numerous vacant buildings, standing alone constitutes cause for dismissal or conversion pursuant to 11 U.S.C. 1112(b)(4)(C). Debtor offered no unusual circumstance(s) to explain this lapse in coverage.

[2] The timeliness of the MOR's filed in the aftermath of these two powerful hurricanes will not be considered for the purposes of the court's ruling in this Opinion and Order.

("Prior to its amendment, the statute provided that a court 'may' dismiss the case upon finding cause, but amended section 1112(b) provides that a court 'shall' dismiss if cause is found, absent unusual circumstances."). The initial burden is on the movant to argue and present evidence by a preponderance of the evidence standard to prove its position that there is cause for either conversion or dismissal of the chapter 11 case, whichever is in the best interests of creditors and the estate. See 7 COLLIER ON BANKRUPTCY ¶ 1112.04[4] (Richard Levin & Henry J. Sommer eds., 16th ed.). "Thus, until the movant carries this burden, the statutory direction that the court 'shall convert the case to a case under chapter 7 or dismiss the case' is not operative". Id. "Cause" is demonstrated through the preponderance of evidence standard. See Keven, A. McKenna, P.C. v. Official Comm. of Unsecured Creditors, 2011 WL 2214763 (D.R.I.2011); In re El Legado, 2010 WL 1924439 (Bankr.D.P.R.2010); In re Woodbrook Assoc's., 19 F.3d 312, 317 (7th Cir.1994); 7th Cir. Colonial Daytona Ltd. Partnership v. American Sav. of Fla., 152 B.R. 996, 1001–1002 (M.D.Fla.1993).

Once "cause" is established, the burden shifts to the debtor to demonstrate "unusual circumstances" that establish that dismissal or conversion to chapter 7 is not in the best interests of the creditors and the estate. See 7 COLLIER ON BANKRUPTCY ¶ 1112.05[1] (Richard Levin & Henry J. Sommer eds., 16th ed.) and In re Dr. R. Samanta Roy Institute of Science Technology Inc., 2011 WL 680361 (3rd Cir.2011). The bankruptcy court retains broad discretion in determining whether unusual circumstances exist and whether conversion or dismissal is in the best interest of creditors and the estate. Gilroy v. Ameriquest Mortg. Co., 2008 WL 4531982 (B.A.P. 1st Cir.2008). A determination of unusual circumstances is fact-intensive and contemplates facts that are not common to chapter 11 cases. See 7 COLLIER ON BANKRUPTCY ¶ 1112.05[1] (Richard Levin & Henry J. Sommer eds., 16th ed.). If the chapter 11 case is devoid

of "unusual circumstances", then the bankruptcy court must apply the section 1112(b)(2) analysis to determine whether the chapter 11 case should be dismissed or converted to a chapter 7.

Thus, for purposes of 11 U.S.C. § 1112, under the particular facts of this case, the term "cause" includes, but is not limited to, the following:

> ...
> (4) For purposes of this subsection, the term "cause" includes—
> …
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

Pursuant to Section 1112(b)(4)(F) of the Bankruptcy Code, unexcused failure to report or to file required information constitutes cause for conversion or dismissal. Sections 704(8), 1106(a)(1), 1107(a) of the Bankruptcy Court, Federal Rule of Bankruptcy Procedure 2015 and PR LBR 2015–2 require debtors in possession, such as Debtor, to file monthly operating reports within the twenty-first (21st) day of the subsequent month. "The non-filing of required reports must be 'unexcused', therefore indicating that the court has discretion to determine whether the debtor's failure rises to the level of cause." In re Landmark Atl. Hess Farm, LLC, 448 B.R. 707, 716 (Bankr.D.Md.2011).

The docket of this case shows that Debtor repeatedly filed tardy MORs without requesting an extension of time from the court. No orders from this court excusing such untimely filings are present in the docket of this case. Movant need not lump ancillary causes to dismiss to the one undisputedly established under 11 U.S.C. § 1112(b)(4)(F) in order to seek dismissal. This fact is undisputed because the Debtors have acknowledged that they did not timely file the MOR's in several instances. Moreover, the Debtors' excuses do not rise to the high standard for "unusual

circumstances" established in the First Circuit for failure to file timely MOR's, especially when juxtaposed with Andover Covered Bridge, LLC, 553 B.R. 162 (B.A.P. 1st Cir.2016).

In that case, the debtor proffered as an excuse for the untimely filing of the MORs that they were caught in counsel's "spam filter" and this was not discovered until after the motion to dismiss was filed. Andover at 173. Despite the proffered excuse, the U.S. Bankruptcy Court for the District of Maine held that the debtor's failure to file timely the MORs constituted cause to dismiss the case under section 1112(b)(4)(F). Like the Debtors in the instant case, the debtor in Andover argued that it had cured the deficiency by filing the MOR's, albeit late, and demonstrated a reasonable justification for the tardily filed reports asserting that "the failure to file the reports was cured within a reasonable period of time." Id. The debtor in that case contended that it explained to the U.S. Trustee that the financial information regarding the operations of the debtor's affiliates would not be available until after the seasonal operations concluded in November. It also asserted that it received no notification that it was not in compliance with its reporting obligations, and it immediately filed the outstanding reports as soon as it discovered the deficiency. Id. The U.S. Bankruptcy Appellate Panel for our First Circuit did not find these excuses to be "unusual circumstances" and determined instead as follows:

> The record clearly establishes that the Debtor failed to file timely several monthly operating reports. Although the Debtor blames its late filing on its counsel's email system and the U.S. Trustee's failure to notify the Debtor that it was not in compliance, the bankruptcy court found these excuses were not sufficient or persuasive. It was the Debtor's obligation to comply with its reporting requirements and to ensure that its counsel timely filed the reports with the U.S. Trustee and the bankruptcy court.

Id.

-5-

The next phase of the analysis the court must engage in is whether Debtor has demonstrated that there are "unusual circumstances" that establish that dismissal or conversion is not in the best interests of the creditors and the estate. None of the Debtors' excuses, (i.e., the delays in filing the MOR's was brief, the November 2018 MOR was the only report filed over 30 days late; the delays in filing were not harmful because the basic financial situation of the Debtor had remained static for over a year) in the instant case rise to level of specificity of the ones proffered by the debtor in Andover Covered Bridge, LLC, supra, which the Bankruptcy Appellate Panel for the First Circuit rejected.

This court finds that the Debtor has not demonstrated nor alleged "unusual circumstances" in the instant case. Thus the Debtor has not established all of the factual elements in conformity with this section. Debtor has failed to allege, and much less meet its burden, that there are unusual circumstances showing that conversion or dismissal is not in the best interest of the estate and creditors. The U.S. Bankruptcy Appellate Panel for the First Circuit has affirmed dismissals under Section 1112(b) when "[t]he record is devoid of evidence presented by the debtor establishing unusual circumstances". In re Efron, 529 B.R. 396, 413 (B.A.P. 1st Cir. 2015).

### Conversion or Dismissal

After the moving party establishes that there is cause to dismiss or convert the case to chapter 7, the court must choose between dismissal or conversion, "whichever is in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). The standard for choosing between conversion or dismissal based on "the best interest of creditors and the estate" implies application of a balancing test by the bankruptcy court. See In re De Jounghe, 334 B.R. at 770, and In re Staff Inv. Co., 146 B.R. 256, 260 (Bankr.E.D.Cal.1992).

The legislative history shows that Congress intended to invest the bankruptcy court with "wide discretion...to make an appropriate disposition of the case" and "to consider other factors as they arise and use its equitable powers to reach an appropriate result in individual cases." In re De Jounghe, 334 B.R. at 770, citing H.R.Rep. No. 595, 95th Cong., 2d Sess. 406, reprinted in 1978 U.S.C.C.A.N. 5963, 6361–62. The court considered three factors: (1) the ongoing litigation between the Debtor and Movants over a substantial sum of money meant to fund a large portion of the Plan; (2) the bulk of the estate consists of encumbered undeveloped real properties; and (3) a chapter 7 trustee's inability to fund the cost of such litigation.[3] As such, the court concludes that dismissal, rather than conversion to chapter 7, is in the best interest of the estate.

### Conclusion

Based on the foregoing, and considering the totality of the circumstances, this court concludes that dismissal is warranted and mandated pursuant to 11 U.S.C. § 1112(b)(4). Therefore, Movants' *Motion to Dismiss* [Dkt. No. 215] is hereby granted.

SO ORDERED

In San Juan, Puerto Rico, this 11th day of February, 2019.

Brian K. Tester
U.S. Bankruptcy Judge

---

[3] Currently there are three adversary proceedings related to this legal case where the Debtor is the party suing the Movants to recover funds. [Adv. Case No.'s 17-00026; 17-00098; and 17-00100].