**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 16-08792 BKT |
| L&R DEVELOPMENT & INVESTMENT CORP | CHAPTER 11 |
| Debtor(s) | FILED & ENTERED ON 09/16/2019 |

## OPINION & ORDER

Before the court is Debtor L&R Development and Investment Corporation's (hereinafter "L&R" or "Debtor") *Motion Requesting Reconsideration of Opinion and Order Dismissing the Chapter 11 Case and/or Requesting Additional and/or Amend Finding of Facts* [Dkt. No. 243]; Hector Noel Roman Ramos, Myrna Enid Perez-Vega, the conjugal partnership formed between them, and NNR Enterprises LLC's (hereinafter "Movants") *Opposition to Debtor's Motion for Reconsideration and Debtor's Request for Additional Findings of Fact and/or to Amend Findings* [Dkt. No. 244]; and various related motions. See Docket numbers – 248, 256, 259, 264, & 266. This court has carefully reviewed and taken each of these motions under consideration in the adjudication of this matter.

L&R's reconsideration stems from an *Opinion & Order* (hereinafter "Opinion") [Dkt. No. 234], which resulted in the dismissal of the case due to the Debtor's untimely filing of monthly operating reports, and a "…record [that] is devoid of evidence presented by the debtor establishing unusual circumstances". In re Efron, 529 B.R. 396, 413 (B.A.P. 1st Cir. 2015). The court dismissed the case based upon Movant's *Motion to Dismiss* [Dkt. No. 215]; L&R's *Objection to Motion to Dismiss* [Dkt. No. 220]; Movant's *Reply to Debtor's Objection to Motion to Dismiss* [Dkt. No.

-1-

229]; and the parties' oral arguments heard at the Hearing held on February 6, 2019 (hereinafter "Hearing").

## I. LEGAL STANDARD FED. R. CIV. P. 59(e)

The Debtor's motion requesting reconsideration invokes Fed. R. Civ. P. 59(e), made applicable through Fed. R. Bankr. P. 9023. Relief under "Fed. R. Civ. P. 59(e) is an extraordinary remedy which should be used sparingly." In re Industrias Vasallo, Inc., 2014 WL 1350659, *1 (Bankr. D.P.R. 2014) "Rule 59(e) motions are aimed at reconsideration, not initial consideration." F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992). "Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." Id. "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." Id. They may not be used to argue a new legal theory. Moreover, "[w]hether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to rehash matters previously litigated and decided by the Court." Sanchez Rodriguez v. Departamento de Correccion y Rehabilitacion, 537 F. Supp.2d 295, 297 (D.P.R. 2008). "As a result, a motion to alter or amend judgment will be denied unless the moving party presents controlling jurisprudence that the court overlooked and may reasonably be expected to amend or alter its conclusion." In re Industrias Vasallo, Inc., 2014 WL 1350659 at *1.

## II. L&R's ARGUMENTS FOR RECONSIDERATION

In pertinent part, Debtor's motion for reconsideration argues that the court's basis for its dismissal of the case resulted in a manifest error of law. The relief requested relies on the fact that the tardy filing of monthly operating reports (hereinafter "MOR's") was raised for the first time at the Hearing, thereby failing to provide Debtor with prior notice. This allegation was not part of the Movant's motion to dismiss, nor its reply. The Debtor did not have the opportunity to verify the reasons for the delay of the Debtor's *Monthly Financial Reports (Business) for the Period from*

-2-

*November 1, 2018 to November 30, 2018* (hereinafter "November 2018 MOR") [Dkt. No. 222], nor present any evidence which could have justified said delay. In short, Debtor was deprived of the opportunity to properly address these new allegations made by Movant in open court.

In addition, the court erred when it concluded that the allegation of the tardy November 2018 MOR, alone, was sufficient cause to dismiss, and that failed it to consider the totality of the circumstances as required by the case of <u>Andover Covered Bridge, LLC</u>, 553 BR 162 (BAP 1st Cir 2016). This dismissal L&R asserts, was not in the best interest of creditors and parties in interest". 11 U.S.C. § 1112(b).

### III.  MOVANT'S MOTION TO DISMISS AND THE COURT'S REASONING

The court returns to the factual and legal conclusions it reached in its Opinion to appraise Debtor's motion for reconsideration. The Movant's motion to dismiss listed various causes for dismissal pursuant to 11 U.S.C. § 1112(b). It is undisputed that the motion to dismiss and the reply did not *specifically* address Debtor's failure to timely file its MOR's.  That motion however, did focus exclusively on the non-exhaustive list of 16 grounds constituting "cause" for dismissal of a chapter 11 case pursuant to section 1112(b)(4). Among several theories raised in said motion, the Movants made a general argument for a finding of cause to dismiss, and a second one in their argument alleging Debtor's failure to pay the U.S. Trustee's quarterly fees pursuant to 1112(b)(4)(K), that the court found persuasive:

> The examples of cause listed in Section 1112(b) are not exhaustive, and the court has discretion in determining if cause exists. <u>See</u>, <u>Matter of NuGelt, Inc.</u>, 142 B.R. 661, 665 (Bankr. D. Del. 1992); <u>see also</u> Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶1112.04[4] (16th ed. 2012) The court may convert or dismiss a case for reasons that are not specifically enumerated in Section 1112. <u>See</u>, <u>In re Brown</u>, 951 F.2d 564, 572 (3d Cir. 1991); <u>see also</u>, <u>Matter of NuGelt, Inc.</u>, 142 B.R. at 665.

> Debtor's behavior demonstrates that it has no intention of complying with its duties as a Chapter 11 debtor in possession.

-3-

Movant's *Motion to Dismiss*, pages 2-3; page 10 [Dkt. No. 215].

In addition, page 3 of Movant's *Reply to Debtor's Objection to Motion to Dismiss* [Dkt. No. 229], listed the reasons why cause had been established for dismissal, and stated that "…(d) That Debtor has failed to comply with its duties and obligations, *including but not limited to* payment of US Trustee fees, 11 USC 1112(b)(4)(K)." *(emphasis ours)*.

The provisions of the Bankruptcy Code[1], Bankruptcy Rules and the U.S. Trustee's Operating Guidelines and Reporting Requirements for the Debtor-In-Possession (hereinafter "U.S. Trustee Guidelines") impose several duties on a debtor. In relevant part, Local Bankruptcy Rule 2015-2(a) requires, as part of the duties of the trustee or the debtor in possession, that chapter 11 debtors file MOR's no later than the twenty-first (21) day of the subsequent month:

> (a) **Chapter 11 and 13 Monthly Financial Reports**. A chapter 13 business debtor as defined in 11 U.S.C. § 1304(a), or a chapter 11 debtor in possession, or a chapter 11 trustee must file with the court a monthly financial report signed under penalty of perjury, and served on the United States trustee and each member of any committee or appointed. Each report is due on the twenty-first (21st) day of the subsequent month.

Upon receipt of Movant's motion to dismiss and reply, L&R was on notice that the duties of a debtor under chapter 11 were going to be the central focus of the court's adjudication of this matter. Indeed, the dismissal was based precisely on Debtor's lack of compliance with its duties.[2,3] As such, the court rejects Debtor's argument that it was deprived of the opportunity to properly address the tardy filing of its MOR's at the Hearing.

---

[1] See 11 U.S.C. 1106(a).

[2] See 1112(b)(4)(F).

[3] The court took notice that following the filing of Movant's motion to dismiss, the Debtor filed its November 2018 MOR.

-4-

## IV. JUDICIAL NOTICE OF INFORMATION CONTAINED IN THE LEGAL DOCKET OF A BANKRUPTCY CASE AND THE ORAL ARGUMENTS MADE AT THE HEARING

Federal Rule of Evidence 201(a) governs judicial notice of adjudicative facts. A court *must* take judicial notice if requested by a party and supplied with the necessary information. Fed. R. Evid. 201(c) and (d). Rule 201(b) states that if a fact is generally known within the trial court's territorial jurisdiction and can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned, judicial notice shall be taken by the court. Fed. R. Evid. 201(b). Moreover, Fed. R. Evid. 201(d) empowers the court to take judicial notice at any stage in the proceeding.

At the Hearing, counsel for Movant requested the court take judicial notice of the docket of the case and directed the court to the legal docket of the instant case. Movant referred to the case docket repeatedly, stating for the record, each tardily filed MOR specifically by date and docket number. In turn, counsel for Debtor performed the same exercise for the record, pointing out to the court by specific date and docket number the MOR's that had been timely filed. Debtor's counsel noted that the November 2018 MOR had been delayed and stated that it was an oversight. Debtor stressed that only the November 2018 MOR had been filed tardy.

In addition, Debtor errs when it argues that it was unable to explain the reason why the November 2018 MOR was not timely filed. Counsel for L&R stated at the Hearing that the late filing was an unfortunate oversight, period. This is the exact rationale provided to the court in Debtor's motion for reconsideration. No additional relevant information as to what caused Debtor's oversight in filing the November 2018 MOR, was provided in L&R's motion for reconsideration.[4]

---

[4] L&R's *Motion Requesting Reconsideration of Opinion and Order Dismissing the Chapter 11 Case and/or Requesting Additional and/or Amend Finding of Facts* [Dkt. No. 243], contains exhibit 1 which appears to be an email

At no point during the Hearing - as a result of the Movant's allegation of the late filed MOR's - did L&R request additional time to brief the issue with additional pleadings, request the continuation of the Hearing, or request a recess to obtain additional information. There exists nothing in the record of the Hearing to support L&R's contention that it was deprived of the opportunity to properly address these new allegations made by Movant in open court. That allegation is being brought for the first time in the motion for reconsideration.

## V. DISMISSAL IS IN THE BEST INTEREST OF CREDITORS

In the interest of clarity, the court will reiterate the rationale it followed to determine that dismissal of this case was in the best interest of the creditors as required by section 1112(b)(1). At the Hearing, and in the motions filed in response to Movant's motion to dismiss, the parties argued whether dismissal was proper and whether unusual circumstances existed that would establish that dismissal or conversion was not in the best interests of the creditors and the estate. Following the Hearing, the court determined that cause did exist for dismissal of the case pursuant to 11 U.S.C. § 1112(b)(4).

Following that the determination that cause existed, the court engaged in an analysis of whether the Debtor had demonstrated that there were "unusual circumstances" that established that dismissal or conversion was not in the best interests of the creditors and the estate. Every justification provided by the Debtor, (i.e., the delays in filing the MOR's was brief, the November 2018 MOR was the only report filed over 30 days late; the delays in filing were not harmful because the basic financial situation of the Debtor had remained static for over a year) were

dated December 18, 2018, from Jose V. Jimenez CPA to William Alemany at "condelaw.com" with an attachment of the Debtor's November 2018 MOR signature page. Even if accepted as true, the court can only ascertain from the email that the November 2018 MOR's signature page was emailed to a staff person at the Conde Law office on December 18, 2018. That fact, in and of itself, does not provide a rationale other than that which was stated at the Hearing. The November 2018 MOR was not duly filed due to an oversight on the part of either the sender or a staff person at the Conde Law office.

-6-

rejected by this court. L&R's assertions to establish unusual circumstances, in order to defeat a finding that dismissal or conversion was not in the best interests of the creditors and the estate, failed. The court noted in its Opinion that L&R's rationale did not even "rise to level of specificity of the ones proffered by the debtor in Andover Covered Bridge, LLC, supra, which the Bankruptcy Appellate Panel for the First Circuit rejected." *Opinion & Order*, page 6 [Dkt. No. 234].

The bankruptcy court retains broad discretion in determining whether unusual circumstances exist and whether conversion or dismissal is in the best interest of creditors and the estate. Gilroy v. Ameriquest Mortg. Co., 2008 Bankr. Lexis 3968 (1st Cir. B.A.P. 2008). A determination of unusual circumstances is fact-intensive and contemplates facts that are not common to Chapter 11 cases. See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy, ¶ 1112.05[1] (16th Ed. 2011). If the Chapter 11 case is devoid of "unusual circumstances", then the bankruptcy court must apply the Section 1112(b)(2). There is no basis in law to re-visit the arguments raised by L&R in its motion for reconsideration that this court's conclusion to dismiss the case resulted in manifest error.

**VI. COURT'S RULING - 59(e) RECONSIDERATION**

L&R largely hangs its hat on its assertion that Movant's motion to dismiss and reply did not specifically argue that any MOR's were untimely filed. This lack of "notice" resulted in Debtor's opposition being devoid of an explanation as to this factor, and in its inability to adequately prepare for the Hearing. This averment is erroneous. This court has already discussed that compliance with the duties of a debtor under chapter 11 were essential to this dispute from the moment the motion to dismiss was filed. Further, at the Hearing the Movant stated from the onset that they were including the Debtor's failure to timely file the MOR's as cause for dismissal, and the court proceeded down the list of factors contained in section 1112(b)(4). The court was obligated to take judicial notice of the tardy filing of several MOR's; L&R took no action to

indicate at any point during the Hearing that they were being prejudiced by the alleged lack of notice as to this issue; and, it was unable to provide a rationale for the tardy filings. The motion for reconsideration is devoid of any factual or legal basis as to why this resulted in manifest error.

Finally, L&R contends that the court erred when it concluded that the allegation of the tardy November 2018 MOR, alone, was sufficient to establish cause to dismiss. L&R cites no legal authority to buttress this contention, because none exists. This court dismisses this argument outright for two reasons. First, cause to dismiss exists under Section 1112(b)(4)(F) when there is an "unexcused failure to satisfy timely *any* filing or reporting requirement…." *(emphasis ours)*. Only one untimely filing will suffice. Second, the Opinion cites to nine separate MOR's which were filed beyond the twenty-one (21) days allowed by the Rules and U.S. Trustee Guidelines. Two of the MOR's were filed more than twenty (20) days late.[5]

Consequently, L&R fails to establish any of the required legal factors for reconsideration discussed above. After considering the factual and legal arguments brought forth, the court finds that Debtor's motion neither provides the court with a genuine reason as to why the court should revisit its prior Opinion, nor compelling facts or law in support of reversing the prior decision. The court concludes that Debtor's arguments under Fed. R. Civ. P. 59(e) are without merit, and that dismissal was appropriate in this case.

For the reasons set forth above, L&R's *Motion Requesting Reconsideration of Opinion and Order Dismissing the Chapter 11 Case and/or Requesting Additional and/or Amend Finding of Facts* [Dkt. No. 243], as to the relief requested under Fed. R. Civ. P. 59(e), is DENIED.

---

[5] The filing of L&R's MOR's for the months of August, September and October 2017, were affected by Hurricanes Irma and Maria which struck Puerto Rico in September 2017. Although mentioned in L&R's motion for reconsideration, the timeliness of the MOR's filed in the aftermath of these two powerful hurricanes was not considered for purposes of the court's ruling in its Opinion. This was stated by the court in the Opinion dismissing this case. See *Opinion & Order*, page 2 & note 2 [Dkt. No. 234].

## VII.    RULE 7052 FINDINGS BY THE COURT

In the alternative to granting the motion for reconsideration, L&R petitions the court to make additional findings of fact and/or amend other findings of facts. See Fed. R. Civ. P. 52(b) applicable to bankruptcy proceedings through Fed. R. Bankr. P. 7052. Debtor requests "that the record be clarified and that certain finding of facts be amended, in accordance to the pleadings, evidence (or lack theoreof) and the proceedings…in order for Debtor to preserve its right to appeal this Opinion and Order."[6]

After reviewing L&R's arguments, proposed additional findings of fact, and the relevant law, this court finds that in its February 11, 2019, Opinion, the court laid out the findings of facts and conclusions of law as required by Fed. R. Civ. P. 52(a). Rule 52 mandates that a trial court "…must find the facts specially and state its conclusions of law separately." See Fed.R.Civ.P. 52(a). Trial courts enjoy ample breathing room discretion under Rule 52 to use either method to promote judicial economy. See e.g., In re Hongisto, 293 B.R. 45, 56 (N.D. Cal. 2003) aff'd, 86 F. App'x 331 (9th Cir. 2004) Cf., In re Alvarado, 463 B.R. 200, 212 (D.P.R. 2011).

The court issued the Opinion after a thorough review of the documents provided by the parties and the arguments made at the Hearing. The Opinion contains findings of fact, applicable law and conclusions of law. This court deems such details to be sufficient for an appellate court to adequately review any issues taken on appeal.

For the reasons set forth above, L&R's *Motion Requesting Reconsideration of Opinion and Order Dismissing the Chapter 11 Case and/or Requesting Additional and/or Amend Finding of Facts* [Dkt. No. 243], as to its request for relief pursuant to Fed. R. Civ. P. 52(b), is DENIED. The case remains DISMISSED. The Clerk to close the case fourteen (14) days from the date of this Opinion & Order.

---

[6] L&R's *Motion Requesting Reconsideration of Opinion and Order Dismissing the Chapter 11 Case and/or Requesting Additional and/or Amend Finding of Facts,* pages 11-12 [Dkt. No. 243].

SO ORDERED

In San Juan, Puerto Rico, this 16th day of September, 2019.

Brian K. Tester
U.S. Bankruptcy Judge